

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re | Case No  09-41756-E-13 |
| JOE SANCHEZ and<br>CAROLYN SANCHEZ, | |
| Debtor(s) | |
| JOE SANCHEZ and<br>CAROLYN SANCHEZ, | Adv  Pro  No  10-2529<br>Docket Control No  PD-1 |
| Plaintiff(s), | |
| v | |
| AURORA LOAN SERVICES, LLC, | |
| Defendant(s) | |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion**

**MEMORANDUM OPINION AND DECISION**

Before the Court is Defendant Aurora Loan Services, LLC's ("Aurora") Motion for Judgment on the Pleadings, which the court converted to a Motion for Summary Judgment at the initial hearing on August 25, 2011  Fed  R  Civ  P  12(d), Fed  R  Bankr  P  7012  The court's decision to convert the Motion was based on Aurora requesting the court take judicial notice of several documents,

1  relying on materials outside the pleadings   The Motion for Summary
2  Judgment was properly set for hearing on the notice required by
3  Local Bankruptcy Rule 9014-1(f)(1), Joe Sanchez and Carolyn Sanchez
4  ("Plaintiff-Debtors") filing their opposition and oral argument was
5  taken on the Motion   The court's September 3, 2011 order setting
6  the final hearing afforded the Plaintiff-Debtors the opportunity to
7  file and serve their evidence and supplemental pleadings on or
8  before September 23, 2011   Dckt   75

9  **Overview of Adversary Proceeding**

10    Plaintiff-Debtors commenced the instant proceeding by filing
11 their Complaint on August 30, 2010, objecting to Aurora's proof of
12 claim asserting a lien against the Plaintiff-Debtors' property,
13 contending that Aurora lacks standing to enforce the note and deed
14 of trust because Aurora is not the true holder of the note,
15 alleging that Aurora has engaged in drafting improper assignments
16 and improperly submitted a proof of claim, and that illegal
17 attorneys' fees and other costs have been improperly included in
18 the proof of claim   Additionally, Plaintiff-Debtors claim that the
19 assignment of mortgage filed after the bankruptcy proceeding is a
20 voidable transfer, is in violation of the automatic stay as set
21 forth in 11 U S C  s 362(a)(3), (4), and (5), and the filing of the
22 allegedly fraudulent proof of claim constituted fraud on the court
23 for which defendant should be in contempt of court

24    In its Motion for Summary Judgment, Aurora pleads that the
25 Plaintiff-Debtors'

26    1    First claim for relief fails because a post-petition
   assignment of a beneficial interest in a deed of trust is not a
27 transfer of property of the estate or an act to create, perfect or
   enforce a lien,
28

2

2 Second claim for relief fails because Aurora did not file an improper proof of claim, as they are the entity entitled to enforce the note because they are in possession of the note indorsed-in-blank and that the proof of claim did not include impermissible fees,

3 Third claim for relief fails because the post-petition assignment of a beneficial interest in a deed of trust is not a violation the automatic stay,

4 Fourth claim for relief fails because the post-petition assignment of a beneficial interest in a deed of trust is not a violation the automatic stay,

5 Fifth claim for relief for common law fraud fails because it is preempted by the Bankruptcy Code and plaintiffs fail to plead the necessary elements, and

6 Sixth claim for relief for contempt fails because, as all claims supporting the request for contempt fail as a matter of law, the claim for contempt also fails

Aurora further argues that as the possessor of the indorsed-in-blank note, Aurora is qualified as a proper creditor and, as the note holder, is entitled to file a proof of claim  Furthermore, the note and deed of trust provide that Aurora is entitled to add any amounts expended for property inspections, appraisal fees, and reasonable attorneys fees to the balance of the loan  Aurora submitted the Declaration of Neva Hall, who summarized the loan transaction, that Aurora Loan Services provided its counsel with the original note, and that Plaintiff-Debtors' counsel has reviewed the original note, including the blank indorsement

Plaintiff-Debtors responded to Aurora's arguments, maintaining that Defendants do not have standing in Federal Court as they are not the holders of the note  Plaintiff-Debtors allege it is undisputed that the owner of the note is U S Bank, N A , in trust for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-7N  Defendant deny this allegation

Additionally, documentation in support of Plaintiff-Debtors'

1 assertion that U S Bank, N A , as trustee, is the true holder of
2 the note is not included in the evidence filed with the court  The
3 Complaint alleges that Aurora included this information in a TILA
4 Response attached in Exhibit E to the Complaint  However, no such
5 document was included in the exhibits attached to the Complaint
6 filed with the court and no other documentation has been provided
7 as evidence regarding this assertion in opposition to the Motion
8 for Summary Judgment

9      Plaintiff-Debtors further argue that the Corporate Assignment
10 of Deed of Trust ("Assignment") did not transfer any kind of
11 interest to Defendant because American Brokers Conduit's license to
12 operate in California was revoked in 2007 and thus did not have the
13 authority to assign any interest  Further, MERS did not have the
14 authority to transfer any interest to the Defendant and any
15 assignment from it is a legal nullity  They argue that the
16 Assignment was fraudulently created by Defendant to support its
17 claim to enforce the note

18      Further, the Plaintiff-Debtors argue that they have properly
19 pled fraud and contempt as the Assignment is invalid and in
20 violation of the automatic stay  Additionally, Plaintiff-Debtors
21 claim that improper fees and costs were included in the deed of
22 trust  Plaintiff-Debtors object to the submission of Neva Hall's
23 declaration on the grounds of hearsay and relevancy, as she failed
24 to establish the sources of information and the manner and time of
25 preparation to support the trustworthiness of Defendant's Exhibits
26 Ultimately, Plaintiff-Debtors claim that the entity possessing the
27 note is a matter in dispute and as such the summary judgment should
28 not be granted

4

1  **JUDICIAL NOTICE**

2      In the prior hearing for the Motion for Judgment on the
3  Pleadings, the court determined that it was proper to take judicial
4  notice of the Deed of Trust, the Corporate Assignment of Deed of
5  Trust, Aurora's Proof of Claim, and the Amended Chapter 13 plan

6      Plaintiff-Debtors have now requested that the court take
7  judicial notice of two documents offered in support of their
8  opposition to Defendant's motion for Summary Judgment

9      A   An unsigned order revoking American Brokers Conduit's
        residential mortgage lender licence
10
11      B   An unsigned order revoking American Brokers Conduit's
        Finance Lenders License

12      Where certain indisputable facts are so within the common and
13  general knowledge of the community, or capable of accurate and
14  ready determination by resort to sources whose accuracy cannot
15  reasonably be questioned, the judicial notice doctrine serves as a
16  substitute for formal proof   A judicially noticed fact must be one
17  not   subject   to   reasonable   dispute   in   that   it   is   either
18  (1) generally known within the territorial jurisdiction of the
19  trial court or (2) capable of accurate and ready determination by
20  resorting   to   sources   whose   accuracy   cannot   reasonably   be
21  questioned   Fed R Evid 201(b)   Even where a fact may not be of
22  common knowledge, so long as the fact is capable of immediate and
23  accurate determination from a credible source, a court may take
24  judicial notice   *Id* at 201(b)(2)

25      No formula exists for determining the appropriate use of
26  judicial   notice   under   Federal   Rule   of   Evidence   201(b)(2)
27  Frequently,   courts   utilize   judicial   notice   with   regard   to
28  information   contained   in   public   records      *Mack   v   Bay   Beer*

                                5

1  *Distrib*, 798 F 2d 1279, 1282 (9th Cir 1986), *abrogated in part*
2  *on other grounds by Astoria Federal Savings and Loan Ass'n v*
3  *Solimino*, 501 U S 104 (1991)

4       The documents labeled as Exhibits A and B do not show they
5  were a part of a public record and are not signed or executed by
6  any person    There is no evidence that these documents are
7  contained in public records or are from a reliable source
8  Plaintiff-Debtors have not provided the court with an explanation
9  or legal authority for what weight, if admitted, the court could
10 give to unsigned documents    The court does not take judicial
11 notice of Exhibits A and B and as such, the request is denied

12 **Undisputed Facts and Testimony Presented to the Court**

13      The undisputed facts before the court include

14      1    Plaintiff-Debtors obtained a mortgage loan from American
   Brokers Conduit ("ABC") in the original principal sum of
15 #393,100 00, which was reflected in a promissory note secured by a
   deed of trust encumbering Plaintiff-Debtors' property commonly
16 known as 9479 Kilcolgan Way, Elk Grove, California

17      2    The deed of trust was recorded on February 16, 2007, in
   Sacramento County, California   A Corporate Assignment of Deed of
18 Trust was recorded in Sacramento County, California, on October 28,
   2009   The beneficiary under the Assignment was Mortgage Electronic
19 Registration Systems, Inc ("MERS") as nominee for lender ABC and
   its successors and assigns
20
        3    Plaintiff-Debtors filed a voluntary petition under
21 Chapter 13 of the Bankruptcy Code on October 7, 2009   On
   October 30, 2009, Aurora filed a Proof of Claim on account of the
22 loan

23      4    Plaintiff-Debtors filed an objection to Aurora's claim on
   May 28, 2010
24

25      The only testimony provided to the court in support or
26 opposition to the Motion for Summary Judgment is the Neva Hall
27 Declaration, Dckt   76, 79 (duplicate copy filed)    On her
28 declaration, Ms Hall testifies to the following

                                6

1    1    Effective July 21, 2011, Aurora Bank took over all
servicing activities of Aurora Loan Services, LLC, and is
2   authorized to provide this declaration on behalf of Aurora Loan
Services, LLC, the Defendant
3
               a    The power of attorney provided to Aurora Bank by
4                    Aurora Loan Services is Exhibit 1 to the
                     declaration of Neva Hall
5
     2    Aurora Bank's books and records state that the obligation
6   for a loan made to the Plaintiff-Debtors is evidenced by a
promissory note executed by the Plaintiff-Debtors dated
7   February 12, 2007, in the original principal amount of $393,100 00
8              a    The Note is Exhibit 2 to the declaration of Neva
                    Hall
9
     3    The Note is secured by a Deed of Trust against real
10  property commonly know as 9479 Kilcolgan Way, Elk Grove,
California
11
               a    The Deed of Trust is Exhibit 3 to the declaration
12                   of Neva Hall
13   4    On October 28, 2009, the Deed of Trust was assigned to
Aurora Loan Services
14
               a    The assignment of the Deed of Trust is Exhibit 4 to
15                   the declaration of Neva Hall
16   5    Aurora Loan Services filed a proof of claim in the
secured amount of $444,815 88, computed as of October 7, 2009,
17  which sets forth an alleged pre-petition arrearage consisting of
(1) eight pre-petition payments of $1,477 67 each (for the months
18  of March 2009 through October 2009), (2) late charges in the amount
of $221 64, (3) property inspection fees of $60 00, and (4) an
19  appraisal fee of $95 00    Aurora Loan Services also asserted the
right to include $300 00 in legal fees for filing the proof of
20  claim, reviewing the Plaintiff-Debtors' Chapter 13 Plan, and filing
a request for Courtesy Notice    The proof of claim includes a copy
21  fo the Note which is endorsed and payable in blank and the Deed of
Trust stamped with the recording information
22
     6    Counsel for Aurora Loan Services has the original Note
23
24                              **ANALYSIS**
25       Federal Rule of Civil Procedure 56, made applicable to this
26  proceeding by Bankruptcy Rule 7056, provides that summary judgment
27  is appropriate if the pleadings, depositions, answers to
28  interrogatories, admissions on file, and declarations, if any, show

                                  7

1  that there is "no genuine issue of fact and that the moving party
2  is entitled to judgment as a matter of law " "The initial burden
3  of showing the absence of a material factual issue is on the moving
4  party   Once that burden is met, the opposing party must come
5  forward with specific facts, and not allegations, to show a genuine
6  factual issue remains for trial "  *DeHorney v  Bank of America
7  N T &S A* , 879 F 2d 459, 464 (9th Cir  1989), *see also Celotex
8  Corp  v  Catrett*, 477 U S  317, 323-324 (1986)

9      In both their objections and responses, Plaintiff-Debtors
10  argue that a genuine dispute of material fact still exists in this
11  proceeding since Defendant has failed to show it is the holder of
12  the note   The remainder of the causes of action essentially rely
13  on this fact   The claims asserted by Plaintiff-Debtors focus on
14  recordation of the Assignment and the subsequent proof of claim
15  being fraudulent and void based on the lack of ownership of Aurora
16  to the note   Defendant, in its responses, challenges this
17  allegation repeatedly, arguing that they in fact are in possession
18  of the note indorsed-in-blank, have filed a declaration stating
19  that Plaintiff-Debtors' counsel has inspected that note and no
20  factual issue remains

21      **I  Ownership of the Note**

22      Under the California Commercial Code, the person or entity
23  entitled to enforce a negotiable instrument is the holder   Cal
24  Com  Code § 3301   A person or entity in possession of an
25  instrument is the holder of the instrument if the instrument is
26  payable to that person or entity, or payable to the bearer   Cal
27  Com  Code § 1201(21)(a)   An instrument is payable to the bearer if
28  it does not state a payee (i e  indorsed-in-blank) Cal Com Code

§ 3109(a)(2)

Aurora claims their counsel currently holds physical possession of the original "blue-ink" note for Aurora   Aurora filed the Declaration of Neva Hall, who testified to the validity of the note, that Aurora's counsel was currently in possession of that note, and that counsel for Plaintiff-Debtors inspected the same   Plaintiff-Debtors objected to the Declaration of Neva Hall on the grounds of relevancy and hearsay   Rule 401 of the Federal Rules of Evidence defines the test for relevancy as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence

The Neva Hall Declaration provides testimony as to the validity of the documentation, which Plaintiff-Debtors have questioned, and that Aurora does in fact possess the note   Therefore, the Declaration makes it more likely that Aurora is in fact the holder of the note, and the relevancy objection is overruled   Additionally, the Declaration is not hearsay   Hearsay is a statement, other than one made by the declarant while testifying, offered in evidence to prove the truth of the matter asserted   Fed R Evid 801(d)(2)(A)   The Declaration of Neva Hall merely cites and directs the court to portions of the documents themselves   It does not ask the court to consider testimony consisting of a summary of the documents, which would be inadmissible hearsay   Therefore, the hearsay objection is overruled [1]

---

[1] The court also notes that the Plaintiff-Debtors have not presented any evidence that they have requested to inspect the

9

1    The entity in possession of an indorsed-in-blank note
2  qualifies as the note holder  Cal  Com  Code § 1201(21)(a)
3  Additionally, as the parties are well be aware, California law has
4  the long-established principle that the security always follows the
5  debt, notwithstanding attempts to sever one from the other (absent
6  a voluntary release of the lien)

> The note and the mortgage are inseparable, the former as
> essential, the later as an incident  An assignment of
> the note carries the mortgage with it, while an
> assignment of the latter alone is a nullity

10  *Carpenter v  Longan*, 83 U S  271, 274 (1872) (stating the common-
11  law rule), *accord Henley v  Hotaling*, 41 Cal  22, 28 (1871),
12  *Seidell v  Tuxedo Land Co* , 216 Cal  165, 170 (1932), Cal  Civ
13  Code § 2936  Therefore, if one party receives the note and another
14  receives the deed of trust, the holder of the note prevails
15  regardless of the order in which the interests were transferred
16  *Adler v  Sargent*, 109 Cal  42, 49-50 (1895)  Aurora, as the holder
17  of the Note endorsed-in-blank, regardless of whether it is the
18  "owner" of the note or a document has been recorded showing an
19  assignment of the Deed of Trust to Aurora, is entitled to enforce
20  both the Note and Deed of Trust   *See In re Hwang*, 438 B R  661
21  (C D  Cal  2010) [2]

_____

23  original note from counsel and it was not presented or that what was
24  presented did not appear to be the original note   Ms  Hall's
   testimony on this point is uncontradicted

25    [2] Having the legal right to enforce the Deed of Trust does not
26  necessarily equate with utilizing the nonjudicial foreclosure
   procedures provided in the Deed of Trust and applicable California
27  law   One must comply with the recording requirements for the
   assignment of the Deed of Trust to exercise the power of sale  *See*
28  *Macklin v  Deutsche Bank Nat'l Trust Co  (In re Macklin)*, No  11-
   02024-E, 2011 WL 2015520 (Bankr  E D  Cal  May 19, 2011)

It has been argued by the Plaintiff-Debtors that by virtue of a note being secured by a deed of trust, the note is rendered nonnegotiable and thereon Aurora cannot attempt to enforce the rights thereunder   In support of this proposition, Plaintiff-Debtors cite the court to a 1925 California District Court of Appeal decision, *Central Savings Bank of Oakland v  Coulter*, 72 Cal  App  78 (3rd App  Dist 1925)   This decision states that a "note and mortgage are to be construed together as constituting one agreement or instrument, and as said in that case of the note, 'being inseparably connected with the mortgage, and affected by the conditions therein, the note is not negotiable " *Id*, p  82, citing to *Lilly-Brackett Co  v  Sonnemann*, 157 Cal  192, ("the note and mortgage are one inseparable contract")

The court's review of *Central Savings Bank of Oakland v  Coulter*, reveals that it has never been cited as legal authority for the proposition that securing a note with a deed of trust renders the note nonnegotiable   This most likely has occurred because prior to the 1923 amendment of California Civil Code § 3265 a note, though negotiable in form, was not negotiable in law if secured by a mortgage and the purchaser took the note with knowledge of the mortgage   However, since the 1923 amendment, a negotiable note is not rendered nonnegotiable merely because it is secured by a mortgage or deed of trust   *Hayward Lumber  & Investment v  Nasund*, 125 Cal  App  34, 38 (4th App  Dist 1932)   *See Wilson v  Steele*, 211 Cal  App  3d 1053, 1061 (2nd App  Dist 1989), discussing negotiability of notes under the Commercial Code and the substance of former California Civil Code § 3265 being continued into California Commercial Code § 3104 which provides

1  that an unconditional promise to pay is not made conditional by a
2  statement that it is secured   The Plaintiff-Debtors' contention
3  that the Note could not be negotiated under the Commercial Code is
4  incorrect

5      In the testimony and exhibits filed in support of the Motion,
6  Defendant Aurora has successfully shown that it is the current
7  holder of the indorsed-in-blank Note which is secured by the
8  Plaintiff-Debtors' Kilcolgan Way property   Copies of the Note,
9  Deed of Trust, and Assignment have been presented to the court
10  Plaintiff-Debtors, on the other hand, have failed to provide any
11  evidence to dispute that the Note, indorsed-in-blank, is held by
12  Aurora

13      Rather than the substance of the enforcement of the Note,
14  Plaintiff-Debtors have focused on the asserted invalidity of the
15  Assignment of the Deed of Trust and Proof of Claim   Even to the
16  extent these contentions were accurate, they are ancillary issues
17  as to whether Aurora is the current holder of the Note which is
18  indorsed-in-blank and may be enforced, including any lien rights,
19  by such holder of the Note

20      The   court   has   not   been   presented   with   any   evidence
21  contradicting that Aurora is the holder of the Note indorsed-in-
22  blank   Though Aurora may have to "clean up" record title as to the
23  beneficiary under the Deeds of Trust before it may attempt to
24  proceed with a nonjudicial foreclosure, or elect to proceed with a
25  judicial foreclosure sale to enforce its rights, the propriety or
26  validity of a nonjudicial foreclosure sale is not now before the
27  court   Aurora has established that it is the current holder of the
28  Note indorsed-in-blank which it is attempting to enforce   Having

12

the right to enforce the Note, Aurora is also the correct party to assert any lien rights, such as the Deed of Trust, which secure the Note

## II   Second Claim for Relief - Violation of Automatic Stay, Filing of Proof of Claim

As Plaintiff-Debtors' second claim for relief in the Complaint is based on the purported improper filing of a proof of claim because Aurora was not an entity entitled to enforce the note, and Defendant has shown it in fact is the holder of the Note indorsed-in-blank, Defendant is granted Summary Judgment as to the second claim for relief

Even more importantly, Plaintiff-Debtors have show no legal basis for a contention that filing a proof of claim can constitute a violation of the automatic stay   While citing to a Fifth Circuit case stating the basic grounds for finding that a violation of the stay exists, the Plaintiff-Debtors have missed the cases holding that filing a proof of claim with the bankruptcy court is not a violation of the automatic stay   *Campbell v Countrywide Home Loans, Inc* , 545 F 3d 348 (5th Cir  2008), *In re Rodriguez*, 629 F 3d  136, 143-144 (3rd Cir  2010)

Further, Plaintiff-Debtors' argument that Defendant failed to attach sufficient documentation pursuant to Rule 3001 to its proof of claim lacks merit   A proof of claim is *prima facie* evidence of the claim or interest   Rule 3001 requires the creditor to file the writing on which the claim is based, which would be the note and deed of trust in this case   The note and deed of trust were attached to the filing and indicated a contractual right to attorney's fees and costs   The Plaintiff-Debtors are provided with

1  all of the essential information necessary to know how and why
2  Aurora was asserting a claim in the bankruptcy case    With that
3  information, the Plaintiff-Debtors could then proceed to exercise
4  their rights to object to that claim, to the extent that they had
5  a good faith, bona fide objection

6      Summary judgment is granted for Aurora on the Second Cause of
7  Action for violation of the automatic stay

8  **III  Assignment of Creditor's Property and Rights Not A**
9      **Transfer of the Plaintiff-Debtors' or Estate's Property**

10      Plaintiff-Debtors' First, Third, and Fourth causes of action
11  are based on the argument that the Assignment of the Deed of Trust
12  is void and an attempt to perfect the lien against property of the
13  bankruptcy estate    That contention is not based upon the facts or
14  law, and Defendant is granted Summary Judgment as to each of the
15  First, Third, and Fourth Causes of Action

16      The Plaintiff-Debtors contend that the Assignment of Mortgage
17  which was recorded after the commencement of the bankruptcy case is
18  void because it violates the automatic stay and violates 11 U S C
19  § 549(a)(1)(B) as a prohibited post-petition transfer of property
20  of the estate    Both contentions fail as a transfer of pre-petition
21  perfected collateral between creditors is not an action against the
22  debtor, property of the debtor, property of the estate, or a
23  transfer of property of the estate

24      Property of the Estate is defined in 11 U S C  §§ 541 and 1306
25  (which includes post-petition property of the kind described in
26  § 541 and post-petition earnings)    This term is very broadly and
27  simply defined in § 541(a) to be "all legal or equitable interests
28  of the debtor as of the commencement of the case," including

community property, property recovered under the avoiding powers, specified inheritances, products, proceeds, offspring, rents or profits from property of the Estate, and post-petition assets acquired by the Estate

In this adversary proceeding, the Plaintiff-Debtors are challenging the transfer of the creditor's property, the Note secured by the Deed of Trust  No contention has been asserted that the Note is not the one stated in the Deed of Trust as the obligation secured or that the Deed of Trust was not recorded and perfected before the commencement of the bankruptcy case  No contention is made by Aurora that it transferred title to the Kilcolgan Way Property, only that the Note which belonged to a creditor and secured by that property had been transferred

The recordation of the assignment does not violate the automatic stay  The transfer of a beneficial interest in a deed of trust is not an act of perfection of a lien  *In re Patton*, 314 B R 826, 834 (Bankr  D  Kan  2004)  The lien on the property is perfected at the time the Deed of Trust is recorded, which in the present case was well before the filing of the bankruptcy petition  *See* Cal  Civ  Code § 1213  Additionally, the Plaintiff-Debtors do not have an interest in the Note which is secured by the Deed of Trust encumbering the property and thus, the Note and Deed of Trust are not property of the estate [3]  Therefore, a post-petition assignment of the deed of trust and related Note from one holder to

---

[3] Schedules A and B filed by the Plaintiff-Debtors do not assert any interest in the Note or the Deed of Trust which secures the Note  EDC Case No  09-41756, Dckt  1  Plaintiff-Debtors do not assert in the present Complaint that they own or have an interest in the Note which is secured by the Deed of Trust

another is not a transfer of the Plaintiff-Debtors' interest in a
property right and does not constitute a violation of the automatic
stay or subject to avoidance  *See In re Samuels*, 2010 WL 2651909
(Bankr  D  Mass  2010)

Additionally, Plaintiff-Debtors appear to allege that the
Assignment is invalid because MERS is named as the beneficiary
The Deed of Trust contains a common paragraph identifying MERS as
the nominee of the Lender (ABC), and Lender's successors and
assigns  MERS is then identified as the "beneficiary" under the
Deed of Trust  The beneficiary is identified on page 2 of the Deed
of Trust, as the nominee of the Lender and Lender's successors and
assigns  The Deed of Trust secures the repayment of the Note to
Lender and Plaintiff-Debtors' performance under the Deed of Trust
and Note  Page 3 of the Deed of Trust continues to state that
Plaintiff-Debtors understand and agree that MERS holds only legal
title to the interests granted to Lender, but MERS, as the nominee
for the Lender and Lender's successors and assigns, may exercise
the interests of the lender and take any action of Lender

Courts have widely found that MERS may act as an agent for the
owner of a note secured by the deed of trust, including assigning
the beneficial interest in the deed of trust  *See Baisa v  Indymac
Fed  Bank*, No CIV-09-1464 WBS JMR, 2009 WL 3756682, *3 (E D  Cal
Nov  6, 2009) ("MERS had the right to assign its beneficial
interest to a third party"), *Weingartner v  Chase Home Finance,
LLC*, 702 F  Supp  2d 1276, 1280 (D  Nev  2010) ("Courts often hold
that MERS does not have standing as a beneficiary because it is not
one, regardless of what a deed of trust says, but that it *does have
standing as an agent of the beneficiary* where it is the nominee of

16

the lender (who is the 'true' beneficiary) " (emphasis added))

Additionally, this argument misses the mark because the focus has to remain on who owns or has the right to enforce the Note The security, irrespective of what the Deed of Trust originally states, will follow the Note  Here, Aurora has shown that it is holding bearer paper, the Note endorsed-in-blank, which it can enforce as the holder of the bearer paper

Because the Assignment does not violate the automatic stay, nor is voidable under the Bankruptcy Code, Defendant is granted Summary Judgment as to the First, Third and Fourth Causes of Action

**IV  Fraud**

In their opposition, Plaintiff-Debtors argue that they have stated a claim for fraud as they have clearly asserted that Aurora filed a fraudulent proof of claim, knowing it is in fact not the owner of the note in an unlawful attempt to collect debt Additionally, the Plaintiff-Debtors assert Defendant may have "created" the Assignment to support their allegedly fraudulent proof of claim

The court is unsure how this would constitute fraud as Plaintiff-Debtors have failed to assert any reasonable reliance upon the alleged misrepresentation and any damages arising therefrom  The elements of fraud are well established under California law  The Plaintiff-Debtors must allege and show that there were

(1) misrepresentations (false representation, concealment, nondisclosure),

(2) which were known to be false by the person making the misrepresentation,

(3)    which were made with an intent to induce reliance by the Plaintiff-Debtors,

(4)    the Plaintiff-Debtors reasonably relied upon the misrepresentation, and

(5)    the Plaintiff-Debtors were damaged having relied upon the misrepresentation

*Lazar v Superior Court*, 12 Cal 4th 631, 638 (1996), *Buckland v Threshold Entersl, Ltd* , 155 Cal App 4th 798, 806-807 (2007) Under the Federal Rules of Civil Procedure there is a heightened pleading standard requiring that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally " Fed R Civ P 9 and Fed R Bankr P 7009

      "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so a defendant can prepare an adequate answer from the allegations " *In re Van Wagoner Funds, Inc Securities Litigation*, 382 F Supp 2d 1173, 1180 (N D Cali 2004) "The plaintiff must state precisely the time, place, and nature of misleading statements, misrepresentations, and specific acts of fraud " *Kaplan v Rose*, 49 F 3d 1363, 1370 (9th Cir 1994)   The only facts that Plaintiff-Debtors assert in their Complaint is that through the proof of claim Aurora misrepresented itself as the holder of the note  Plaintiff-Debtors have not shown the circumstances in which they reasonably relied on Aurora's allegedly false proof of claim and/or Assignment   Nor have Plaintiff-Debtors stated any damages arising from the reliance upon the misrepresentation  No acts have been alleged by the Plaintiff-Debtors to show they detrimentally relied on the alleged

18

1  misrepresentation by Aurora   This does not meet the heightened
2  standard under the Federal Rules

3      Further, the Plaintiff-Debtors have not offered evidence
4  sufficient to support a claim of fraud   Rather, they continue with
5  a more generalized "fraud on the court" theory that Aurora did not
6  properly file a proof of claim   These Plaintiff-Debtors seem to
7  believe that they should not exercise their rights to object to the
8  claim, but instead move to a fraud claim to protect the court
9  They wish to ignore having to litigate the objection to claim
10 issue, but immediately be entitled to damages because they disagree
11 with Aurora having filed a proof of claim

12     Furthermore, Aurora has shown evidence it is in fact the true
13 holder of the Note indorsed-in-blank and entitled to enforce the
14 obligation   If the only misrepresentation pled in the Plaintiff-
15 Debtors' claim for fraud is the lack of ownership of the note, then
16 the claim lacks essential elements of a fraud claim – the false
17 representation of a material fact, knowing that it is false,
18 intending to induce reliance by the other party, the other party
19 then reasonably relying on the misrepresentation, and incurring
20 damages    because    of    the    reasonable    reliance    on    the
21 misrepresentation [4]

22     Plaintiff-Debtors fail to plead sufficiently for a claim of
23 fraud, as such, the Defendant is granted Summary Judgment as to

24

25      [4] The "damages" stated by Plaintiff-Debtors is the time and
26 expense they have expended in opposing Aurora asserting a claim in the
   bankruptcy case   Rather than fraud damages, this sounds in common
27 contract right to attorneys' fees, which a party may recover even if
   it is ultimately determined that the asserted contract does not exist
28 between the two parties   Cal Civ Code § 1717, *see also North
   Associates v  Bell*, 184 Cal  App  3d 869 (1986)

19

1  this cause of action

2  **V    Contempt**

3      Plaintiffs request the court to find Aurora in contempt of

4  court for its numerous alleged violations of the automatic stay and

5  fraud on the court   As the claims for violation of the automatic

6  stay and fraud were found by the court to be unsustainable, as

7  discussed above, Defendant is granted Summary Judgment as to the

8  contempt cause of action

9      In jumping to a conviction of Aurora and seeking to have the

10  court hold it in contempt, the Plaintiff-Debtors appear to forget

11  that they are parties in a judicial proceeding – the bankruptcy

12  case   They have certain rights and responsibilities to prosecuting

13  that case    These include objecting to claims in the event that

14  they believe the claim to be excessive, misstated, or not an

15  obligation owed by the Plaintiff-Debtors   The Bankruptcy Code and

16  federal procedure does not elevate debtors to a special status in

17  which all other parties in interest will be held in contempt if the

18  Plaintiff-Debtors disagree with that party in interest

19                              **CONCLUSION**

20      As  Plaintiff-Debtors  have  failed  to  provide  evidence  or

21  support their arguments to contradict Aurora's claim, or put any

22  genuine issues of material fact in dispute for the court, the

23  Motion for Summary Judgment filed by the Defendant is granted in

24  favor of Aurora Loan Services, LLC on all claims in the Complaint

25  The court shall issue a separate order granting the Motion for

26  Summary Judgment and a judgment thereon

27  ///

28  ///

1    This Memorandum Opinion and Decision constitutes the court's

2 findings of fact and conclusions of law

3 Dated  December *15*, 2011

4

5                              RONALD H  SARGIS  Judge
6                              United States Bankruptcy Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below

Service List

Linda Deos
770 L Street, Ste  950
Sacramento, CA 95814

Carolyn Sanchez
9479 Kilcolgan Way
Elk Grove, CA 95758

Joe Sanchez
9479 Kilcolgan Way
Elk Grove, CA 95758

Eddie Jimenez
4375 Jutland Dr , Suite 200
P O  Box 17933
San Diego, CA .92177

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Office of the U S  Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814


DATE  12/16/11

_____
Deputy Clerk